UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

CASE NO.: 1:20-cv-1887

CHRIS CRISMAN,

    Plaintiff,

v.

EPAY WORLD LLC,

    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff CHRIS CRISMAN by and through his undersigned counsel, brings this Complaint against Defendant EPAY WORLD LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff CHRIS CRISMAN ("CRISMAN"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Crisman's original copyrighted works of authorship.

2. Crisman is a professional photographer who focuses on photographing people in a variety of types of work and strives to obtain the most human connection from the person and the power from the space to balance it out. His career has been fueled by making his work tell a story, to create an emotional response, beyond reality and a bit surreal. He is a master of lighting, and has recently been creating many "moving" stills.

3. Crisman's current project "Women's Work" focuses on women working in industries dominated by men. Crisman travels approximately 6 months of the year, and has shot in every state of the USA. Crisman has received the Luerzers Archive 200 Best Photographers Worldwide Award, and awards from Communication Arts Phto Annual, Graphis Photography Annual, American Photography, One Eyeland Photographer of the Year, IPA Awards, and PDN Faces. His clients include Panasonic, Pearle Vision, Pfizer, Merck, AstraZeneca, American Standard, Shell and ExxonMobil.

4. Defendant EPAY WORLD LLC ("Epay") is a company based out of New York which specializes in manicures, massages, beauty treatment, and general health and wellness improvement via environments that foster relaxation.

5. Crisman alleges that Epay copied Crisman's copyrighted Work from the internet in order to advertise, market and promote its business activities. Epay committed the violations alleged in connection with Epay's business for purposes of advertising and promoting sales to the public in the course and scope of Epay's business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendant is subject to personal jurisdiction in New York.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

**DEFENDANT**

10. Epay World LLC is a NY LLC with its principal place of business at 30 Broad Street, #2601, New York, NY 10001, and can be served by serving its Registered Agent, Avner Kanfi CPA (DOS Process), 237 West 35th Street, Suite 702A, New York, NY 10001.

**THE COPYRIGHTED WORK AT ISSUE**

11. In 2011, Crisman created a photograph entitled "cc2011014_1197_ret_V1_final," which is shown below and referred to herein as the "Work".



12. Crisman registered the Work with the Register of Copyrights on April 4, 2011 and was assigned the registration number VAu 1-069-257.  The Certificate of Registration is attached hereto as Exhibit 1.

13. At all relevant times Crisman was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

14. Epay has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, Epay copied the Work.

16. Epay copied Crisman's copyrighted Work without Crisman's permission.

17. After Epay copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its overall spa, relaxation, and wellness options.

18. Epay copied and distributed Crisman's copyrighted Work in connection with Epay's business for purposes of advertising and promoting Epay's business, and in the course and scope of advertising and selling products and services.

19. Crisman's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

20. Epay committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

21. Crisman never gave Epay permission or authority to copy, distribute or display the Work at issue in this case.

22. Crisman notified Epay of the allegations set forth herein on February 4, 2019 and April 8, 2019. To date, Epay has failed to respond to Plaintiff's Notices. Copies of the Notices to Epay are attached hereto as Exhibit 3.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Crisman owns a valid copyright in the Work at issue in this case.

25. Crisman registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26. Epay copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Crisman's authorization in violation of 17 U.S.C. § 501.

27. Epay performed the acts alleged in the course and scope of its business activities.

28. Epay's acts were willful.

29. Crisman has been damaged.

30. The harm caused to Crisman has been irreparable.

WHEREFORE, the Plaintiff Chris Crisman prays for judgment against the Defendant Epay World LLC that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d.       Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

    e.       Plaintiff be awarded prejudgment interest; and

    f.       Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 3, 2020                      Respectfully submitted,

*/s/ Joseph A. Dunne*
JOEL B. ROTHMAN (JR0352)
joel.rothman@sriplaw.com
JOSEPH A. DUNNE (JD0674)
joseph.dunne@sriplaw.com

**SRIPLAW**
125 Maiden Lane
Suite 5C
New York, NY  10038
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Chris Crisman*